IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| USAA GENERAL INDEMNITY COMPANY, ) | |
| ) | |
| Plaintiff, ) | Civil Case No. 5:22-cv-00068 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| BRAXTON ELLISON ) | United States District Judge |
| ) | |
| and ) | |
| ) | |
| NATHANIEL GREENWALD, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

USAA General Indemnity Company (USAA) brings this declaratory judgment action to clarify its obligations to Braxton Ellison, an insured party, in a suit brought against him. In August 2020, Ellison punched Nathaniel Greenwald in the face resulting in serious injuries. Greenwald has filed suit against Ellison in state court, and Ellison is seeking coverage for the incident. USAA now moves for a declaratory judgment stating that Ellison's homeowner's insurance policy issued by USAA (the Policy) does not provide coverage to Ellison for the claims alleged in the underlying suit and that USAA has no duty to defend Ellison in the lawsuit. Ellison submitted an answer to USAA's complaint (Dkt. No. 4), admitting many of the allegations, but he has not responded to USAA's motion for summary judgment. (Dkt. No. 10.) For the following reasons, the court will grant USAA's motion for summary judgment and declare the rights and obligations of the parties accordingly.

I.  BACKGROUND

The facts in this case are not disputed. This matter arises from an underlying suit (Underlying Suit) involving the two defendants in this case. On August 18, 2020, Braxton

Ellison and Nathaniel Greenwald got into an altercation at a party which ended with Ellison punching Greenwald in the face. (Compl. ¶ 9, Dkt. No. 1.) Several months later, Greenwald began asking Ellison to pay part of his medical bills resulting from the fight, and Ellison eventually offered to pay Greenwald $500. (Ellison Dep. 66:3-67.13; 67:19-23, Dkt. No. 11-3.) At the time of the incident, the Policy provided personal liability coverage for "occurrences," defined as "accidents . . . resulting in bodily injury," with a coverage limit of $300,000. (Compl. ¶¶ 11, 13, 14.)

On April 12, 2021, Ellison was charged with assault and battery for the altercation (*Id.* ¶ 19.) He was convicted of disorderly conduct in Rockingham County General District Court on August 2, 2021. (*Id.* ¶ 20.) On May 2, 2022, Greenwald filed the Underlying Suit against Ellison in state court alleging assault and battery resulting in permanent disability, financial loss, and other damages. (*Id.* ¶ 8.) In that case, Greenwald seeks compensatory damages of $150,000 and punitive damages of $25,000 from Ellison. (*Id.* ¶¶ 9–10.) Either Ellison or his father contacted USAA after Ellison was served notice of the Underlying Suit, seeking coverage for the incident. (Ellison Dep. 69:4-17.) The Policy requires that, following an occurrence, the insured must give written notice to USAA "as soon as is practical." (*Id.* ¶ 15.) This, however, was the first time that Ellison had provided notice to USAA. (Ellison Dep. 69:18-70:15.) Ellison claims he did not know he was required to contact USAA at any point before being served with the Underlying Suit. (*Id.* at 69:15–71:6.) USAA is now moving for declaratory judgment. (Compl. ¶ 25.)

## II. DISCUSSION

**A. Standard of Review**

Summary judgment should be granted if "the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248–49.

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), 56(e). All inferences must be viewed in a light most favorable to the non-moving party, but the nonmovant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

**B. Ellison Breached the Policy When He Failed to Provide Timely Notice.**

USAA first argues that Ellison violated the terms of his policy when he failed to provide notice. The Supreme Court of Virginia has found that the requirement to provide notice "as soon as is practical" is a reasonable and enforceable contract provision. *State Farm Mut. Auto. Ins. Co. v. Douglas*, 148 S.E.2d 775, 777 (Va. 1966). If the policyholder does not comply, recovery is barred. *Id.* Whether notice was given sufficiently timely is a factual inquiry, but "notice may not be so long delayed as to violate an insurance policy's notice provision as a matter of law." *Nationwide Mut. Fire Ins. Co. v. Overstreet*, 568 F. Supp. 2d 638, 646 (E.D. Va. 2008). While

Virginia courts have not established a specific notice period, they generally have held that notice provided more than a few months after the potential occurrence is untimely by law. *See e.g.*, *Atlas Ins. Co. v. Chapman*, 888 F. Supp. 742, 747 (E.D. Va. 1995) ("[W]e hold as a matter of law, that the 126-day delay in complying with the notice provisions in the policy, without any justification, constitutes a substantial and material violation of the insurer's notice requirement"); *Vermont Mut. Ins. Co. v. Everette*, 875 F. Supp. 1181, 1188 (E.D. Va. 1995) (holding that notice provided three years after the occurrence and eighteen months after the defendant learned that the insurance might be implicated was untimely as a matter of law); *Lord v. State Farm Mut. Auto. Ins. Co.*, 295 S.E.2d 796, 799–800 (Va. 1982) (holding that a 173-day delay constituted a breach of the notice conditions).

Ellison did not contact USAA until *twenty-one months* after the incident. (Ellison Dep. 69:18-70:15.) Ellison could have provided notice at any time, such as when Greenwald began asking him for money or when he was charged with assault and battery. Twenty-one months is far beyond what other courts have found to be an unreasonable delay as a matter of law, and so the court finds that his notification to USAA was untimely as a matter of law.

Ellison counters that he was not aware that he should have contacted USAA at any point before he did. (Ellison Dep. 69:15–71:6.) Virginia does not accept an insured party's mistaken, subjective belief that the policy would not be implicated as an excuse for delay. *Nationwide Mut. Fire Ins. Co.*, 568 F. Supp. 2d at 645 ("[I]t is no defense to a claim that notice was untimely to say that the insured subjectively did not understand his policy might be implicated."). Here, whether Ellison did not contact USAA because he believed he was not required to do so until he was sued or because he believed the Policy would not be implicated, neither reason is a valid excuse. *See id.* Thus, Ellison has violated the notice requirement of his insurance policy, and his

4

notification to USAA was untimely.

### C. The Policy Does Not Cover the Incident.

USAA further argues that the Policy does not cover the incident. First, USAA asserts that the incident is not an "occurrence" as defined by the Policy and Virginia law. The Policy explains that an occurrence is an "accident . . . which results . . . in bodily injury." (Homeowners Policy Packet 13, Dkt. No. 1-3.) The Supreme Court of Virginia defines an "accident" as "an event which creates an effect which is not the natural or probable consequence of the means employed and is not intended, designed, or reasonably anticipated." *AES Corp. v. Steadfast Ins. Co.*, 725 S.E.2d 532, 536 (Va. 2012) (quoting *Lynchburg Foundry Co. v. Irvin*, 16 S.E.2d 646, 648 (Va. 1941)). "An intentional act is neither an 'occurrence' nor an 'accident' and therefore is not covered by the standard policy." *Id.* (quoting *Utica Mut. v. Travelers Indemnity Co.*, 286 S.E.2d 225, 226 (Va. 1982)). Here, the Underlying Suit alleges assault and battery based on Ellison's intentional acts. (Compl. ¶ 10.) Because an intentional act is not considered an occurrence, the incident does not fall under the Policy.

Furthermore, USAA argues that the incident is outside of the scope of the Policy's bodily injury coverage. Ellison's policy excluded personal liability and medical payments to others where the bodily injury was "reasonably expected or intended." (Homeowners Policy Packet 35.) In his deposition, Ellison clarified that he was not intending to cause the extent of injury that occurred. (Ellison Dep. 50:6–19.) The Policy provides for these circumstances, clarifying that reasonably expected or intended bodily injury is not covered, even if the injury "is of a different kind, quality[,] or degree than initially expected or intended." (Homeowners Policy Packet 35.) Since Ellison reasonably expected or intended that punching Greenwald would cause bodily injury, even though he did not expect or intend the extent of the injury (Ellison Dep.

72:1-10), the Policy does not cover the incident.

In sum, under both the definition of "occurrence" and the Policy's exclusion of bodily injury "reasonably expected or intended," the Policy does not cover the incident.

USAA also seeks a declaratory judgment that it has no duty to defend the underlying suit. Under Virginia law, the duty to defend is broader than the duty to indemnify, such that if an underlying suit contains some allegations that, if proved, would fall within the risk covered by the policy, then there is a duty to defend. *VEPCO v. Northbrook Prop. & Cas. Ins.*, 475 S.E.2d 264, 265 (Va. 1996). But where, as here, the allegations in the underlying suit, even if proved, would not trigger any coverage under the policy, then no duty to defend arises. *Id.* at 265–66. Thus, USAA has no duty to defend the Underlying Suit.

### III. CONCLUSION

For the foregoing reasons, the court will grant USAA's motion for summary judgment, enter judgment in its favor, and enter a declaratory judgment as requested by USAA. The court will issue an appropriate order.

Entered: December 6, 2023.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

6